FRANK J. PECK, Respondent, *v.* ELLA J. SANDS, Appellant.

*Contract — action to recover for alleged services in doing the work of defendant as executor of her mother's estate.*

Peck v. *Sands,* 207 App. Div. 879, affirmed.

(Argued April 8, 1924; decided May 13, 1924.)

APPEAL, by permission, from a judgment, entered November 26, 1923, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which unanimously reversed an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and granting a new trial and reinstated said verdict. The action was brought to recover $1,394.78 with interest from May 20, 1920, for services in looking after the interests of plaintiff in the settlement of her mother's estate and doing her part of the work as one of the executors of said estate, upon an alleged promise of defendant that if plaintiff would so look after defendant's interests and do said work defendant would pay plaintiff the fees which she got as one of said executors. The trial justice set aside the verdict " upon the ground that the contract for the services sued for in said action was *malum in se* and void as against public policy and that there can be no recovery for such services upon an implied contract or upon a *quantum meruit.*"

*Louis L. Waters* for appellant.

*Clayton R. Lusk* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

GEORGE W. GASCOIN, Respondent, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant.

*Bailment — charter of barge — liability for damage from elements — failure to use reasonable care.*

*Gascoin* v. *Lehigh Valley R. R. Co.,* 207 App. Div. 846, affirmed.

(Argued April 8, 1924; decided May 13, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered November 24, 1923, affirming a judgment in favor of plaintiff entered upon a verdict. This action was brought by the plaintiff, as owner of the barge *Sun of Yonkers* for damages thereto occurring while the barge was in the possession of the defendant under an oral contract of hire. It is undisputed that the damages occurred in New York harbor as the result of a violent storm. The complaint alleged that defendant failed to use reasonable care to safeguard the boat.

*Arthur W. Clement* for appellant.

*J. M. Gorman, Pierre M. Brown* and *Richard F. Lenahan* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

PETER H. HOFFMAN, JR., by PETER H. HOFFMAN, His Guardian ad Litem, Respondent, *v.* THE CITY OF OLEAN, Appellant.

*Municipal corporations — streets — designation of street for coasting — when municipality liable for injury to child standing on curb.*

*Hoffman v. City of Olean,* 206 App. Div. 787, affirmed.

(Argued April 8, 1924; decided May 13, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 12, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained through the negligence of defendant. The common council of defendant, by resolution had designated West Sullivan street between Sixth and Tenth streets for coasting at certain hours. The plaintiff when injured was standing upon the curb of West Sullivan street, watching those coasting down the hill within the street. While thus standing a sled which was being drawn up the hill by a coaster on the rear of an automobile, by means of a rope attached to it and held by the coaster, was thrown from the roadway of the street